```
         IN THE UNITED STATES DISTRICT COURT FOR
         THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                              *
VALERIE ANN JAMES,
                              *
    Petitioner,
                              *
        v.                        CIVIL NO.:    WDQ-08-1248
                              *   CRIMINAL NO.: WDQ-06-0289
UNITED STATES OF AMERICA,
                              *
    Respondent.
                              *

*   *   *   *   *   *   *   *   *   *   *   *   *
```

MEMORANDUM OPINION

Pending is Valerie Ann James's *pro se* motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. The Court has determined that no evidentiary hearing is necessary. *See* Rule 8 of the Rules Governing § 2255 Proceedings. For the following reasons, James's motion will be denied.

I.  Background

On January 31, 2007, James pled guilty to conspiracy to manufacture and possess with the intent to distribute methamphetamine under 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1) and (b)(1)(B). She was sentenced to 72 months imprisonment. On May 13, 2008, James filed this motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255.

II. Analysis

A. Sentence Calculation

James argues that her sentence was improperly calculated

under the Sentencing Guidelines.  James argues that she received a sentence at an Offense Level of 27, when her Offense Level should have been 25.

James's Base Offense Level was 32 under U.S.S.G. § 2D1.1(a)(3) for conspiring to manufacture at least 50 Grams but less than 150 Grams of methamphetamine.  Under James's plea agreement, she agreed to a firearm upward adjustment of two levels under U.S.S.G. § 2D1.1(b).  Plea Agreement at 4.  The Court gave James a three level downward adjustment for timely acceptance of responsibility under U.S.S.G. § 3E1.1(a)-(b).  The Court gave James a two level downward adjustment for the "safety valve" under U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f)(1)-(5).  James received a two level downward departure for substantial assistance to law enforcement authorities under U.S.S.G. § 5K1.1.  This resulted in a final offense level of 27.

Under § 1B1.3(a)(1)(B), the sentence calculation of a defendant involved in a conspiracy includes the reasonably foreseeable acts of her co-conspirators.  In her plea agreement, James admitted that she and her co-conspirators possessed a shotgun in the motel room where they planned to manufacture methamphetamine.  She agreed to a two level upward adjustment under U.S.S.G. § 2D1.1 as a result.  Plea Agreement at 4.  Construing the safety valve leniently, the Court held that James did not aid or willfully cause the possession of the shotgun, and granted her a two level downward adjustment.  *See* U.S.S.G. §

5C1.2.  Because of the safety valve, the shotgun possession had no affect on James's sentence.

B. Presentence Report

James also argues that the Probation Office did not revise her Presentence Report to reflect the safety valve, and thus she is precluded from certain benefits because she is considered a "violent offender."  As stated above, James's sentence was correctly calculated.  The Bureau of Prisons, not the Court, determines what benefits and programs are available to inmates.

III. Conclusion

For the reasons discussed above, James's motion to vacate, set aside, or correct sentence will be denied.


<u>October 7, 2008</u>                         <u>        /s/                 </u>
Date                                 William D. Quarles, Jr.
                                     United States District Judge